UNITED STATES BANKRUPTCY COURT
EASTERN DISTRICT OF MICHIGAN
NORTHERN DIVISION

In re:

MELISSA WALDRON,                      Case No. 06-20323

        Debtor.                             Chapter 13

                                         Hon. Walter Shapero

_____/

## OPINION GRANTING MOTION FOR ORDER CONFIRMING STAY HAS BEEN LIFTED

This Chapter 13 case was filed on March 8, 2006. Debtor had previously filed one Chapter 13 case which was dismissed on January 6, 2006. By dint of the explicit language of 11 U.S.C. § 362(c)(3)(A), the stay terminated on the 30th day after the March 8th filing date (i.e.: on or about April 7, 2006). Debtor did not file a motion to extend the stay.

U.S. Bank, N.A. ("Movant"), the holder of a mortgage on property owned by the Debtor, then filed a motion on April 10, 2006, requesting the Court to enter an order confirming that the stay had been terminated with respect to the Debtor pursuant to 11 U.S.C. § 362(c)(3)(A). Debtor filed an understandably lukewarm objection, and the matter was scheduled for hearing, which was held on April 27, 2006. Since the matter has some procedural significance throughout the District, the Court has decided to make its views known in writing.

Essentially what is being sought here may be properly categorized as one of a species of "comfort orders." Despite the general antipathy of a significant portion of the judiciary to such orders, like it or not, the legislature has spoken; and, in a way that requires the granting of the motion. 11

1

U.S.C. § 362(c)(4)(A)(ii), applicable only to situations where <u>two or more</u> cases of a debtor were pending within the previous year, specifically provides for the issuance of an order that no stay is in effect. On the other hand, a parallel provision, applicable to situations where only one case was pending in the previous year, 11 U.S.C. § 362(c)(3)(A), does not contain such a provision. If there were nothing more, properly applied rules of statutory construction would require the denial of the Motion using the reasoning that in such circumstances, the inclusion of such a provision in one of two parallel instances evidences an intent not to provide for it in the other–reasoning which this Court deems sound. However, another portion of Code Section 362, 11 U.S.C. § 362(j), states that on request of a party in interest, the Court shall issue an order "under subsection (c)" that the automatic stay has been terminated. That language on its face appears to cover both the <u>one</u>, and, <u>the more than one</u> previous case situations, both of which are "under subsection (c)." To be sure, it is redundant in the (c)(4)(A)(ii) situation (which itself provides for such an order), and thus is illustrative of either imperfect draftsmanship or an overzealous desire to make or emphasize an intended point.

      Movant has also pointed to the Court's local rule, L.B.R. 4001-6(d) (E.D.M.), the title of which is, "Order Regarding the Existence of the Stay," which in substance says that in seeking relief under Sections 362(c)(4)(A)(ii), 362(j), or 521(a)(6), a movant must utilize a specified motion procedure. This local rule is only intended to set out the method by which the indicated order may be requested. It does not guarantee that having been asked for, it will be granted. Its allowance is always a matter of statutory interpretation. While that local rule does not specifically refer to Section 362(c)(3)(A), it does refer to Section 362(j)–the interpretation and meaning of which is the nub of the

matter and which, as the court has stated, is sufficiently clear to require the granting of the motion.

An order doing so is being contemporaneously entered.

**Entered: May 05, 2006**

                                            **/s/ Walter Shapero**
                              **Walter Shapero**
                              **United States Bankruptcy Judge**